IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 25, 2002

## STATE OF TENNESSEE v. CHRISTOPHER LEE COOPER

**Appeal from the Circuit Court for Blount County**
**No. C-12631      D. Kelly Thomas, Jr., Judge**

**No. E2001-02847-CCA-R3-CD**
**October 21, 2002**

The Defendant, Christopher Lee Cooper, pled guilty to theft over $500, a class E felony. The length and manner of service of the sentence were to be determined by the trial court. The trial court sentenced the Defendant to two years in the Department of Correction as a Range I standard offender. The Defendant now appeals as of right the length and manner of service of his sentence. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ALAN E. GLENN, JJ., joined.

Mack Garner, District Public Defender, Maryville, Tennessee, for the appellant, Christopher Lee Cooper.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Mike Flynn, District Attorney General; and Edward P. Bailey, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On November 26, 2001, the Defendant, Christopher Lee Cooper, pled guilty to theft over $500, a class E felony. Following a sentencing hearing, the trial court sentenced the Defendant to two years in confinement as a Range I standard offender. In this appeal as of right, the Defendant contends that both the length and manner of service of the sentence are improper. We affirm the judgment of the trial court.

On September 13, 1999, the Defendant was caught attempting to steal merchandise from a Wal-Mart department store. He was observed with a large plastic Rubbermaid container, into which he placed two DVD players and two VCRs. He then went to the men's clothing department and

placed two shirts and one pair of pants in an empty Wal-Mart bag. The Defendant attempted to leave the store without paying for any of the merchandise, which had a total value of $856.91.

The presentence report reflects that, at the time of sentencing, the Defendant was twenty-seven years old and single. He stated that he graduated from high school in 1992 and attended college for one year. At the time of sentencing, he had been employed by Parkwest Hospital in Knoxville for approximately three months. Prior to his employment with Parkwest, the Defendant had worked in restaurants. According to the presentence report, the Defendant has a lengthy criminal history. He was convicted of driving on a revoked license in 2000, misdemeanor theft in 1998, 1997, 1996, 1995, and 1992, and issuing worthless checks in 1994 and 1993. At the time of the presentence report, the Defendant had a misdemeanor theft charge pending in Sevier County. Several of his prior convictions resulted in sentences of probation, and he had been found to have violated the terms of his probation on two prior occasions. We also note that the presentence report states that the Defendant failed to appear for his interview for the report and did not submit any information for the report. The Defendant admitted at the sentencing hearing that he has served four separate jail terms.

At the sentencing hearing, the Defendant explained his pattern of theft and worthless check convictions as follows:

> Well, why I did it is because, usually, when I've been charged with theft or - a lot of people go out and do - steal and commit thefts for different reasons, but mine has been an inability to cope with stress and depression. When I get stressed about money or I'm trying to pay bills - and I know during that time I had been laid off from my job. And it was silly attempts to basically have money available to pay bills because I have a brother and a mother that are both disabled, and - my brother is mentally disabled. And I take care of them. And sometimes the stress is more than I can bear, so I do things to act out in order to get away from it all.

He later testified that he intended to pawn the merchandise he took from Wal-Mart in an attempt to obtain money. Apparently the Defendant's mother has health problems that prevent her from caring for herself, and his brother has mental problems of some sort. The Defendant testified that other family members also care for his mother and brother because he lives in Knoxville and they live in Sevier County and he has no driver's license. He also testified that he is receiving counseling from a clinical social worker for his inability to cope with stress and depression.

At the conclusion of the sentencing hearing, the trial court ordered that the Defendant serve a two-year sentence in the Department of Correction. The trial judge found as enhancing factors: (1) that the Defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range, and (2) the Defendant has a previous history of unwillingness to comply with conditions of a sentence involving release into the community. Tenn. Code Ann. § 40-35-114(1) and (8).

When an accused challenges the length, range, or manner of service of a sentence, this Court has a duty to conduct a <u>de novo</u> review of the sentence with a presumption that the determinations made by the trial court are correct. <u>See</u> Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." <u>State v. Ashby</u>, 823 S.W.2d 166, 169 (Tenn. 1991).

When conducting a <u>de novo</u> review of a sentence, this Court must consider: (a) the evidence, if any, received at the trial and sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement made by the defendant regarding sentencing; and (g) the potential or lack of potential for rehabilitation or treatment. <u>See</u> Tenn. Code Ann. §§ 40-35-102, -103, -210; <u>State v. Brewer</u>, 875 S.W.2d 298, 302 (Tenn. Crim. App. 1993); <u>State v. Thomas</u>, 755 S.W.2d 838, 844 (Tenn. Crim. App. 1988).

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. <u>See</u> <u>State v. Pike</u>, 978 S.W.2d 904, 926-27 (Tenn. 1998); <u>State v. Fletcher</u>, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

A defendant who "is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6); <u>State v. Lane</u>, 3 S.W.3d 456, 462 (Tenn. 1999). Guidance regarding what constitutes "evidence to the contrary" which would rebut the presumption of alternative sentencing can be found in Tennessee Code Annotated section 40-35-103(1), which sets forth the following considerations:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

See <u>State v. Hooper</u>, 29 S.W.3d 1, 5 (Tenn. 2000); <u>State v. Ashby</u>, 823 S.W.2d 166, 170 (Tenn. 1991).

Additionally, the principles of sentencing reflect that the sentence should be no greater than that deserved for the offense committed and should be the least severe measure necessary to achieve the purposes for which the sentence is imposed. <u>See</u> Tenn. Code Ann. § 40-35-103(2), (4). The

court should also consider the potential for rehabilitation or treatment of the defendant in determining the appropriate sentence.  See id. § 40-35-103(5).

A criminal defendant challenging a trial court's sentencing decision has the burden of establishing that his or her sentence is improper.  See Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments; see also Ashby, 823 S.W.2d at 169.  The Defendant has not met his burden in this case.  The Defendant argues that a two-year sentence was improper, and he asserts that a sentence of eighteen months would be more appropriate.  In support of his argument, he sets forth several factors, which, in his opinion, should have been considered by the court in mitigation, such as his work history, his care for his family, his admission of guilt, and the absence of alcohol and drug abuse in his life.  However, the trial court obviously placed greater emphasis on the Defendant's extensive history of theft-related offenses and his failure to comply with the conditions of his probation on prior occasions when it set the Defendant's sentence at two years.  The trial court did not err in making its decision.

The Defendant also contends that the trial court erred by not considering him for the Community Corrections program.  While the Defendant correctly states that he was eligible for the Community Corrections program, he has not demonstrated that he is entitled to it.  The proof adduced at the sentencing hearing established that the Defendant has a long history of criminal conduct, rendering confinement necessary to protect society from additional criminal behavior by the Defendant, and that measures less restrictive than confinement have been repeatedly and unsuccessfully applied to the Defendant.  Either of these circumstances is sufficient to justify a sentence of incarceration.  See Tenn. Code Ann. § 40-35-103(1)(A), (C).

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE

-4-